UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 2 1 2016
```

Manuel Montiel Lopez,

                    Plaintiff,

          —v—

Ploy Dee, Inc., *et al.*,

                    Defendants.

15-cv-647 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

On January 20, 2015, Manuel Montiel Lopez filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.*  Lopez claimed that his employer, a Chinese restaurant, failed to pay legally required minimum, overtime, and spread-of-hours wages; failed to give him required statements and notifications; and failed to reimburse him for equipment costs.

On November 30, 2015, the parties notified the Court that they had reached a settlement. Dkt. No. 26.  The parties submitted the settlement for the Court's review on December 28, 2015, along with Plaintiff's memorandum of law setting forth his views on why the settlement would be fair.  Dkt. No. 29.  Although the Court finds the settlement broadly to be fair and reasonable, its approval is subject to a number of caveats discussed below.  Approval of the settlement is therefore denied, with the understanding that if the parties address the Court's concerns and resubmit, the settlement will be approved.

I.      **Legal Standard**

FLSA suits cannot be privately settled. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In keeping with the FLSA's purpose of ensuring workers "a fair day's pay for a fair day's work," a settlement in a FLSA case must be approved either by a court, or by the Department of Labor. *Id.* (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). This action therefore cannot be dismissed with prejudice until the Court has satisfied itself that the resolution proposed by the parties is "fair and reasonable." *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A reasonable agreement must "reflect[] a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-cv-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate "the bona fides of the dispute." *Id.* (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). At minimum, this includes information on "the nature of plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015). The parties must articulate their remaining points of disagreement to the Court. *Mamani*, 2014 WL 2971050, at *1. If they disagree over the calculation of wages owed, they "must provide each party's estimate of the number of hours worked and the applicable wage." *Id.* (internal quotation mark omitted). The Court will also review a proposed award of attorneys' fees to ensure that they are reasonable. *Wolinsky*, 900 F. Supp. 2d at 336.

II.     **Discussion**

The proposed settlement submitted by the parties indicates that Defendants will pay a total of $25,000 to settle Lopez's claims—$15,000 of which will go to Lopez, and $10,000 to his

2

attorney. Pl.'s Mem. at 2. As will be explained below, although the overall amount of the settlement is fair and reasonable, the Court cannot approve the settlement in its current form because of the confidentiality and release provisions. Additionally, the portion of the settlement allocated to attorneys' fees is excessive.

### A. The Total Settlement Amount is Fair and Reasonable

The Court begins its analysis of the total settlement amount by comparing its size to that of Plaintiff's potential recovery at trial. *See Thornhill v. CVS Pharmacy, Inc.*, No. 13 CIV. 5507, 2014 WL 1100135, at *1–2 & n.1 (S.D.N.Y. Mar. 20, 2014). In support of the settlement, the parties have provided the underlying data used to calculate Plaintiff's estimate of the damages Lopez could likely collect at trial. Ex. C. Under Plaintiff's calculations (which have been revised downward from the original estimates in light of documents produced during discovery), Lopez could recover $41,331 in unpaid wages, $5,000 in statutory damages for failure to provide wage notices and statements, $160 in reimbursement for equipment costs, $35,490.75 in liquidated damages,[1] and $13,393.05 in prejudgment interest. *Id.* The lump sum recovery of $25,000 represents 60% of Plaintiff's claimed unpaid wages, and 26% of his best-case recovery.

This discount on Plaintiff's claims is justified because the litigation presents significant risks. Defendants claim that Plaintiff is entitled to nothing, and that they have undisputed evidence sufficient to support a grant of summary judgment. Pl.'s Mem. at 2. Plaintiff's counsel acknowledges concerns over the strength of the claim in light of employment records produced in discovery, including some that Lopez admits to signing. *Id.* Plaintiff also notes that there is a credible concern that due to the Defendants' financial difficulties, a post-trial judgment in the

---

[1] The Court observes that Plaintiff's calculation of liquidated damages appears to assume that Lopez can recover separate liquidated damages under both the FLSA and NYLL. But there is persuasive authority in this circuit holding that FLSA plaintiffs cannot "double recover" liquidated damages under both statutes. *See, e.g., Inclan v. N.Y. Hospitality Grp., Inc.*, 95 F. Supp. 3d 490, 506 (S.D.N.Y. 2015) (declining "to rule that plaintiffs are entitled to cumulative liquidated damages under the FLSA and NYLL" because there is not a meaningful distinction between the purpose of the liquidated damages provision in each statute). This concern does not alter the Court's assessment of the proposed settlement, however, in light of the reasons, discussed *infra*, that Lopez faces significant obstacles to recovering the full amount estimated in Exhibit C.

full amount would be difficult to collect. *See Souza v. 65 St. Marks Bistro*, No. 15-CV-327
(JLC), 2015 WL 7271747, at *1 n.2 (S.D.N.Y. Nov. 6, 2015).

The Court finds that the settlement amount appropriately reflects the range of possible
recovery, the risks of litigation, and the difficulty of collecting a larger judgment. The Court is
also satisfied from the parties' representations that an arms-length negotiation took place
between experienced counsel. Pl.'s Mem. at 2. Accordingly, the overall settlement amount of
$25,000 is fair and reasonable.

### B. The Court Will Not Approve the Proposed Settlement's Confidentiality and Release Provisions

The Court has reservations about two aspects of the settlement which prevent it from
being approved at this time. First, the Court is concerned about the settlement's confidentiality
and non-disparagement provisions. Such clauses can be contrary to public policy because they
prevent the spread of information about FLSA actions to other workers (both employees of
Defendants and others), who can then use that information to vindicate their statutory rights.
*Lopez*, 96 F. Supp. 3d at 178–79; *see also Dees*, 706 F. Supp. 2d at 1242.

The confidentiality provision in the proposed settlement states that Lopez agrees "to keep
the existence, terms, and events leading up to and incorporated within this Agreement strictly
and forever confidential." Proposed Settlement at 10. Additionally, it requires him not to
"directly or indirectly encourage, induce, solicit, or assist anyone to file a wage and hour action
or collective or class action against" Defendants. *Id* at 10; *see id.* at 12. These confidentiality
provisions are enforced by threat of liquidated damages in the amount of $10,000 per occurrence.
*Id.* at 11. The proposed agreement also includes a non-disparagement provision stating that
Plaintiff will "follow a personal standard of conduct that will not damage or cause to discredit in
any way the continued operation of [Defendants]," and will not make any communication
"which in any way disparages" Defendants. *Id.* at 11, 12. Plaintiff's memorandum of law in
support of the proposed settlement contains no discussion of these clauses.

4

Confidentiality, non-disparagement, and liquidated damages provisions similar to those in the proposed settlement have been rejected by courts in this district as contrary to the remedial aims of the FLSA. *See, e.g.*, *Lopez*, 96 F. Supp. 3d at 177–81; *Wolinsky*, 900 F. Supp. 2d at 338–39. In submitting a revised settlement agreement, the parties have several choices. They may remove the confidentiality and non-disparagement provisions, or narrowly tailor them and provide support for the proposed provisions. *See Lopez*, 96 F. Supp. 3d at 181. Alternatively, they may keep the provisions but submit authority and argument supporting the proposition that the clauses included in the proposed agreement are fair and reasonable.

The second problem with the proposed settlement is that the release from liability is too broad. A FLSA settlement cannot offer the defendant a sweeping release from liability that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206 (quoting *Lopez*, 96 F. Supp. 3d at 181); *see also Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014). However, the agreement in this case appears to do just that. The proposed settlement agreement states that Plaintiff

> releases and forever discharges [Defendants] of any and from all . . . claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever . . . . whether such claims are now known or unknown to [Plaintiff] from the beginning of the world to the effective date of this Agreement.

Proposed Settlement at 6–7. The proposed settlement also includes a separate release of claims Plaintiff "did not know or suspect to exist," *id.* at 8, and a covenant not to sue Defendants "in any forum for any reason" in perpetuity, *id.* at 9. *See also id.* at 12. The Court cannot "countenance employers using FLSA settlements to erase all liability whatsoever in exchange for . . . payment of wages allegedly required by statute." *Lopez*, 96 F. Supp. 3d at 181. The Court will not approve a settlement agreement containing such a provision.

**C. The Portion of the Settlement Allocated to Attorneys' Fees is Excessive**

Finally, the Court turns to the issue of attorneys' fees.  The parties request the Court's approval to allocate $10,000 of the $25,000 settlement fund ($9,450 for fees and $550 for costs) to Plaintiff's counsel.  A court determining the portion of a FLSA settlement reasonably allocated to attorneys' fees may use either a "lodestar" method or a "percentage of the fund." *Thornhill*, 2014 WL 1100135, at \*2 & n.1.  Regardless of which method is selected, however, the Court should be guided by the following factors in determining a reasonable fee: "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." *Id.* (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)).  These are commonly called the *Goldberger* factors.

The Court has considered the *Goldberger* factors, and has determined that the requested attorneys' fee amount in this case is too high.  The requested sum is more than 37% of the total recovery.  Courts in this Circuit rarely approve FLSA fee awards representing more than one third of the total settlement amount, and regularly reduce awards exceeding that threshold to one third or lower of the total recovery.  *Lopez v. Poko-St. Ann L.P.*, No. 15-CV-4980 (BCM), 2016 WL 1319088, at \*2 (S.D.N.Y. Apr. 4, 2016) (collecting cases).  And this holds true even in cases with comparable or lower total settlement amounts to the one at issue here.  *See, e.g.*, *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 CIV. 6667 PAE, 2015 WL 5122530, at \*4 (S.D.N.Y. Aug. 31, 2015) (reducing $12,916.95 fee award because it represented 37% of the total settlement).

The fact that Plaintiff's counsel's claimed lodestar amount, $13,042.50, would represent an even higher percentage of the settlement is "insufficient to justify either the application of the [lodestar] method or the award of a higher fee." *Guzman v. Joesons Auto Parts*, No. CV 11-4543 ETB, 2013 WL 2898154, at \*4 (E.D.N.Y. June 13, 2013) (citing cases).  This is particularly so here, because the rates at which Plaintiff's counsel Michael Faillace seeks to bill are on the high end of what is typical in FLSA cases, and have previously been reduced by

6

several courts in this district. *Rosendo v. Everbrighten Inc.*, No. 13CV7256-JGK-FM, 2015 WL 1600057, at \*8 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, No. 13 CV. 7256 JGK, 2015 WL 4557147 (S.D.N.Y. July 28, 2015) (reducing rates for Mr. Faillace and his associates, and collecting cases doing the same).

Furthermore, this case is a run-of-the-mill wage and hour action involving a single Plaintiff and no motion for conditional certification. Discovery has taken place, but there has been no motion practice. The parties do not suggest, and the Court does not believe, that this litigation entailed exceptionally complex or novel issues of fact, law, or case management. This case does not present "unusual circumstances" that would justify departing from the consensus in this district that fees higher than one third of the total settlement amount in a FLSA case are unreasonable. *See Run Guo Zhang*, 2015 WL 5122530, at \*4. Accordingly, the Court concludes that a 37% fee is excessive, and that a reasonable fee would be one third of the total settlement amount.

## III.   Conclusion

For the reasons explained above, the Court cannot approve the settlement as currently proposed. The parties are hereby ORDERED to meet and confer about the settlement, and to file a revised settlement proposal or a joint letter updating the Court on the status of settlement negotiations no later than May 3, 2016. In any revised settlement proposal, no more than one third of the settlement shall be allocated to attorneys' fees, and the balance (minus costs) shall go to Plaintiff.


SO ORDERED.

Dated: _April 20_, 2016
       New York, New York

_____
ALISON J. NATHAN
United States District Judge