UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 9 2016
```

Manuel Montiel Lopez,

                    Plaintiff,

        —v—

Ploy Dee, Inc., *et al.*,

                    Defendants.

15-cv-647 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

On January 29, 2015, Manuel Montiel Lopez filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law, Art. 19 § 650 *et seq.* On November 30, 2015, the parties notified the Court that they had reached a settlement. Dkt. No. 26. The parties submitted the settlement for the Court's review on December 28, 2015, along with Plaintiff's memorandum of law setting forth his views on why the settlement would be fair. Dkt. No. 29.

On April 21, 2016, the Court declined to approve the settlement. Dkt. No. 31. In its order, the Court stated that the settlement was broadly fair and reasonable, but could not be approved until two conditions were met: (1) the parties narrowed the release from liability provisions; and (2) the parties either narrowed the settlement's confidentiality and non-disparagement provisions, removed them entirely, or submitted briefing to justify them. The Court also determined that a reasonable attorneys' fee would be no more than 33% of the total settlement amount.

On May 17, 2016, the parties submitted a revised settlement proposal. Dkt. No. 34. The revised settlement does not fully address the Court's concerns. First, the revised settlement provides that Plaintiff "will not directly or indirectly encourage, induce, solicit or assist anyone

1

to file a wage and hour action or collective or class action against" Defendants.  Proposed

Settlement ¶ 14.  Confidentiality and non-disparagement provisions "can be contrary to public

policy because they prevent the spread of information about FLSA actions to other workers (both

employees of Defendants and others), who can then use that information to vindicate their

statutory rights."  *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 WL

7871036, at *3 (S.D.N.Y. Dec. 3, 2015).  Because "vindication of FLSA rights throughout the

workplace is precisely the object Congress chose to preserve and foster through the FLSA,"

settlement provisions designed to insulate Defendants from "copycat litigation" by fellow

employees are generally not fair and reasonable.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp.

3d 170, 180 (S.D.N.Y. 2015).  The settlement language quoted above is broad enough to prevent

Plaintiff from discussing his FLSA lawsuit with fellow employees who may be interested in

bringing similar lawsuits.  Accordingly, the parties must either remove this language, narrow it,

or submit argument and authority why it is fair and reasonable.

Second, the release from liability provided by the proposed settlement remains too

broad.  The proposed settlement provides that "neither [Plaintiff] nor [his] legal counsel will seek

any further compensation . . . in connection with any of the matters encompassed in this

Agreement or any aspect of [Plaintiff's] relationship with [Defendants]."  Proposed Settlement

¶ 5.  Furthermore, the settlement states that Plaintiff releases Defendants from a number of

enumerated claims arising from the employment relationship, including on-the-job injuries and

discrimination claims.  *Id.* ¶ 14.  These claims have "no relationship whatsoever to wage-and-

hour issues," and they therefore cannot be released as part of a FLSA settlement.  *Cheeks v.

Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

The parties attempt to circumvent *Cheeks* by including a provision stating that "some

portion of the payment provided in this Agreement represents money over and above that to

which [Plaintiff] would otherwise be entitled" under the FLSA, and that the extra money

represents compensation for release of Plaintiff's other employment claims.  Proposed

Settlement ¶ 14.  As a general rule, the Court will not scrutinize the settlement of "a non-FLSA

2

claim that happens to be settled in the same agreement" as a FLSA claim. *See Gaspar*, 2015 WL 7871036, at *2. However, the proposed settlement here does not indicate how much of the settlement amount constitutes payment for these non-FLSA claims. As a result, the Court can no longer tell how much Plaintiff is receiving to settle his FLSA claim, and cannot determine whether the FLSA settlement amount remains fair and reasonable. *Banegas v. Mirador Corp.*, No. 14-CV-8491 (AJN), 2016 WL 1451550, at *3 (S.D.N.Y. Apr. 12, 2016). Although the Court "need not and will not separately approve the fairness of the settlement" of Plaintiff's non-FLSA employment claims, "the Court must assure itself that [Plaintiff] is settling [his] FLSA claims in a manner that comports with the requirements of *Cheeks*." *Id.* Accordingly, approval of the settlement is denied.

The parties shall submit a revised settlement agreement no later than July 20, 2016.

SO ORDERED.

Dated: June 29 2016
New York, New York

ALISON J. NATHAN
United States District Judge

3