UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL MONTIEL LOPEZ,

      Plaintiff,

-against-

PLOY DEE, INC. (d/b/a WONDEE SIAM V) and     1:15-CV-00647-AJN
WORRAWALLUN CORMACK,

      Defendants.
------------------------------------------------------------X

## SETTLEMENT AGREEMENT, RELEASE OF CLAIMS, AND INDEMNITY

This Settlement Agreement, Release of Claims, and Indemnity (hereinafter "Agreement") is made and entered into by and between Manuel Montiel Lopez on behalf of himself, his spouse, agents, assigns, representatives, heirs, beneficiaries, successors, executors, administrators, and anyone who has or obtains any legal rights or claims through him (hereinafter referred to collectively as "Releasors"), and Ploy Dee, Inc., and Worrawallun Cormack, on behalf of themselves, their parent(s), subsidiaries, divisions, affiliates, and other related entities, and all of its and their incumbent and former officers, directors, owners, shareholders, investors, agents, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities, and for the benefit of Bert Cormack, Worrawallun Cormack, and his and her and their agents, assigns, heirs, successors, executors and administrators (hereinafter referred to collectively as "Releasees"). Releasees and Releasors are collectively referred to as the "Parties."

Whereas, on or about January 29, 2015, Lopez, through his attorneys, Michael Faillace & Associates, P.C., filed a lawsuit against Ploy Dee, Inc. (d/b/a WONDEE SIAM V) and Worrawallun Cormack in the United States District Court, Southern District of New York,

entitled, "*Manuel Montiel Lopez, individually and on behalf of others similarly situated, Plaintiffs, against, Ploy Dee, Inc. (d/b/a Wondee Siam V) and Worrawallun Cormack, Defendants*," and was assigned civil action number 15-cv-00647-AJN, (hereinafter, the "Lawsuit") asserting overtime claims, minimum wage claims, spread-of-hours claims, and related claims under the New York State Labor Law and the Fair Labor Standards Act. The Lawsuit sought all available remedies and damages, penalties, interest, fees and costs, and other relief;

Whereas, thereafter Lopez informed the Court in the Lawsuit that he did not intend to seek class or collective action status for the Lawsuit, and that he would only pursue his own individual claims;

Whereas, the Parties desire to settle, fully and finally, all differences that may exist between them arising out of or relating to Lopez's employment with some or all of the Releasees and with each party assuming their own costs and attorneys' fees, respectively;

Whereas, Lopez's employment with some or all of the Releasees ended on May 13, 2013;

**NOW, THEREFORE,** the Parties, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which are hereby acknowledged, agree as follows:

      1.     No Admission of Liability. This Agreement is entered into in compromise of disputed claims. Releasors acknowledge and agree that by entering into this Agreement, Releasees do not in any way admit liability or wrongdoing toward Releasors or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Releasees under any law, ordinance, rule, regulation or order with respect to any claim that

Releasors or any other person has asserted, could have asserted, or may assert in connection with Releasors or any other person's relationship with Releasees or the Lawsuit. Releasees have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Releasors in the Lawsuit and otherwise, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of litigation. The Parties agree that neither Party is a prevailing party in the Lawsuit or by virtue of this Agreement.

        2.        Consideration. In consideration for the Parties' promises made herein, and for entering into this Agreement, and in full and complete satisfaction of all of Releasors' actual and potential claims against any of the Releasees, Ploy Dee, Inc. shall pay a total of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) (out of which Plaintiff's counsel will be entitled to 1/3 or $8,250) to counsel for Lopez according to the payment schedule, as follows:

(A) Twelve checks in the total gross amount of Two-Thousand and Eighty-Three Dollars, and Thirty Four Cents ($2,083.34), made payable to *"Michael Faillace & Associates, P.C., as attorneys for Manuel Montiel Lopez."* Ploy Dee, Inc. will issue a 1099 form and an original copy of this Agreement signed by Releasees to Michael Faillace & Associates, P.C, and/or to Lopez, who will both provide completed W9 Forms to counsel for Ploy Dee, Inc. simultaneously with a signed original of this Agreement. This Agreement shall not be submitted to the Court for approval until it, and the Confession of Judgment Annexed hereto, are fully executed.

(B) The first check of the twelve checks payable to *"Michael Faillace & Associates, P.C., as attorneys for Manuel Montiel Lopez"* will be delivered within 30 days **(1)** after the Court approves this Agreement and "So Orders"

3

the Stipulation of Dismissal With Prejudice of the Lawsuit; **(2)** receipt by counsel for Releasees of an original of this Agreement fully executed by Lopez and the interpreter; and **(3)** receipt by counsel for Releasees of the W9 forms from Lopez and Michael Faillace & Associates, P.C.

**(C)** Each of the remaining eleven checks shall be delivered within 30 days after the first check over the course of eleven months.

3.     1099 Forms. All of the checks and the 1099 form(s) described above will be delivered to counsel for Lopez, namely, Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 2540, New York, New York 10165, to the attention of Michael Faillace, Esq., who agrees to accept said checks and 1099 form on behalf of Lopez, and to accept the 1099 form on behalf of Michael Faillace & Associates, P.C. Lopez agrees that all checks to him and the 1099 form to him shall be delivered as set forth in this paragraph.

4.     Cure. In the event a settlement check described above is not delivered pursuant to, or before, the schedule described above, or in the event a settlement check fails to clear (i.e., bounces), Michael Faillace & Associates, P.C., shall notify, by letter, via regular first class mail and certified mail, return receipt requested, through the United States Postal Service, to Bert Cormack, 535 West 162nd Street, Apt. 32, New York, New York 10032 and to David S. Halsband, Esq., Halsband Law Offices, Court Plaza South, 21 Main Street, East Wing, 3d Floor, Hackensack, New Jersey 07601, that payment was not received. Releasees shall have 10 days from the receipt of the notice to cure the late or defective payment before being considered in breach of this Agreement. Any such notice shall be deemed received five days after it is mailed. Upon Defendants' failure to cure a default within 10 days of their receipt of the notice of default,

counsel for Plaintiff may immediately file the fully executed Affidavit of Confession of Judgment, annexed hereto as Exhibit A.

5. <u>Entire Amount.</u> Releasors agree and affirm that the payments described above shall constitute the entire amount of monetary consideration provided to them and their legal counsel under this Agreement.

6. <u>Liability for Taxes.</u> Releasors agree to be solely responsible for all Releasors' taxes, if any, together with any interest and penalties on any Releasors' taxes, with respect to payments made under paragraph 2 above. Releasors agree to indemnify and hold harmless Releasees for any liabilities, penalties, interests, judgments, etc., for such amounts.

7. <u>Ownership of Claims.</u> Releasors represent that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim described in this Agreement. Releasors further agree to indemnify and hold harmless Releasees against any and all claims based upon, arising out of, or in any way connected with any such actual or purported transfer or assignment.

8. <u>No Other Lawyers.</u> Lopez represents that there is no other lawyer or law firm, other than Michael Faillace & Associates, P.C., representing Lopez now, or at any time, in connection with Lopez's employment with Releasees, and there is no other potential claims for counsel fees. Lopez expressly agrees that he will indemnify and hold the Releasees harmless from any fees, costs, expenses or liability they may incur resulting from any claim by any lawyer or law firm relating to Lopez's employment with Releasees and/or claims in the Lawsuit and his separation of employment with Releasees, and any claims released herein..

9. <u>No Other Action Pending.</u>  Releasors agree not to file a lawsuit or otherwise pursue any claims against Releasees for any claims related herein. Releasors represent

that they have not filed any lawsuit, claim, charge, or complaint against Releasees with any local, state, or federal agency or court other than the Lawsuit and the preceding claim with the New York State Department of Labor that has been withdrawn. In the event that any agency or court assumes jurisdiction of any lawsuit, claim, charge or complaint, or purports to bring any legal proceedings on Releasors' behalf against Releasees for the claims asserted in the Lawsuit, then Releasors shall promptly request, with notice to Releasees, that the agency or court withdraw from and dismiss the lawsuit, claim, charge, or complaint with prejudice. In the event the agency or court refuses to withdraw or dismiss with prejudice the lawsuit, claim, charge or complaint, Releasors agrees to defend, indemnify, and hold harmless Releasees from all attorneys' fees and costs and damages arising from the lawsuit, claim, charge or complaint.

10. <u>Release of All Claims in the Lawsuit</u>. The Releasors, and Lopez in particular, agree that this Agreement settles any and all claims and causes of action of any nature whatsoever between Releasors and Releasees asserted by Lopez in the Lawsuit. The Releasors, and Lopez in particular, release and forever discharge Releasees of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, demands or debts connected to the claims asserted by Lopez in the Lawsuit, including all claims that were or could have been asserted by Releasors and Lopez under the Fair Labor Standards Act ("FLSA"), the New York State Labor Law, and any federal, state or local regulations relating to the FLSA and New York State Labor Law, including any wage claims, overtime claims, spread-of-hour claims, and/or minimum wage claims.

11. With respect to the claims that Releasors are releasing and waiving, they are releasing and waiving not only their right to recover money or other relief in any action that they might institute, but also they are releasing and waiving their right to recover money or other

relief in any action that might be brought on their behalf by any other person or entity including, but not limited to, representative class or collective action plaintiffs, the Department of Labor, the National Labor Relations Board, or any other federal, state or local governmental agency or department relating to the FLSA, the New York State Labor Law, and any federal, state or local regulations relating to the FLSA and New York State Labor Law,. Excluded from the release and waiver are any claims or rights which cannot be waived by law, such as Releasors' right to file a charge with an administrative agency or participate in any agency investigation. Releasors are, however, waiving their right to recover any money in connection with such a charge or investigation. If a lawful subpoena to testify before any entity is issued to any and/or all of the Releasors, Releasors will immediately notify Releasees by providing a copy of the subpoena to the attorneys for Ploy Dee, Inc., namely, David S. Halsband, Esq., Halsband Law Offices, Court Plaza South, 21 Main Street, East Wing, 3d Floor, Hackensack, New Jersey 07601.

12. <u>No Employment.</u> Releasors agree and promise not to seek employment with Releasees or any of their parent(s), subsidiaries, divisions, affiliates or other related entities at any time. Releasors further agree and acknowledge that this Agreement shall constitute good and sufficient cause on which Releasees may reject any application for employment by Releasors or on their behalf and that such rejection would not constitute a violation of any law.

13. <u>No Trespass.</u> Releasors agree and promise not to enter the premises of the Releasees or be within 50 feet of the premises of the Releasees. Releasors agree not to communicate with Releasees other than through counsel as may be necessary to effectuate the terms of this Agreement. Releasors agree not to encourage any person to enter or be within 50 feet of the premises of the Releasees for any purpose.

14. <u>Other Acknowledgements and Agreements By The Parties.</u>

a. Releasors and Lopez in particular agree that they have been paid for all hours worked including minimum wages, overtime, and spread of hours, and that they have no accrued but unused vacation due to them.

b. Lopez understands the terms of this Agreement.

15. <u>Applicable Law.</u> This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the United States and the State of New York without giving effect to conflict of laws. Any suit, action, or proceeding relating to this Agreement shall be brought in the United States District Court for the Southern District of New York or the Supreme Court of the State of New York, County of New York. The Parties hereby accept the exclusive jurisdiction of these courts for the purpose of any such suit, action, or proceeding.

16. <u>Enforceability.</u> If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement. However, if the release terms of this Agreement are determined to be illegal or unenforceable and if the Releasors commence a lawsuit or other administrative complaint (such as with the New York State Department of Labor) against Releasees based on any claims that were released prior to said determination, then Releasors agree to return to Releasees all payments made to Releasors under this Agreement before the commencement of any such lawsuit.

17. <u>Interpretation of Agreement.</u> The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions

should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

      18.    <u>Headings.</u> The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

      19.    <u>Voluntary Agreement.</u> Releasors and Releasees agree and affirm that:

      a.    They have carefully read and fully understand all of the provisions of this Agreement;

      b.    They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

      c.    They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

      d.    They have consulted with their attorney of choice before executing this Agreement;

      e.    This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the potential lawsuit;

      f.    No promise or representation of any kind or character has been made by any of the Releasees or by anyone acting on their behalf to induce Releasors to this Agreement, and that Releasors have not been forced or pressured in any way to sign this Agreement;

      g.    They are, through this Agreement, releasing all of the Releasees from any all claims asserted in the Lawsuit and all claims under the FLSA, the New York State

Labor Law, and any federal, state, or location regulations relating to the FLSA and/or New York State Labor Law, in exchange for the payment described herein;

        h.      The payment described herein is in addition to any payment they would have otherwise received if they did not sign this Agreement;

        i.      They knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

    20.    *Medicare Representations*. Lopez represents and warrants that he is not a Medicare beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare. This Agreement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties resolved this matter in compliance with both state and federal law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

    21.    *Responsibility and Indemnification with Respect to Related Bills and Liens*. The Releasors acknowledge and agree to be responsible for any and all related outstanding bills, liens, statements, rights of subrogation, or reimbursement for services rendered or payments, if any, made by any third party to Releasors, including but not limited to legal, insurance providers, hospitals, medical and health care providers, Medicaid, Medicare, unemployment compensation, worker's compensation, or any other services or payments made or received, as a result of the claims. In the event that any such third party asserts any claim against the Releasees for outstanding bills, liens, statements, rights of subrogation, or reimbursement for services rendered or payments made to the Releasors by such third party, as a result of the claims

10

released in this Agreement, then Releasors agree to indemnify, defend, and hold harmless the Releasees for any such claims.

22. <u>Complete Agreement.</u> This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the Parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

23. <u>Lawyer Consultation and Review.</u> Lopez understands and acknowledges that Lopez has the right to consult with a lawyer of his choice to review this Agreement and is encouraged by the Releasees to do so. Lopez has twenty-one (21) days to consider and accept this Agreement from the date it was first presented and may accept it at any time within those twenty-one (21) days.

24. <u>Revocation Period.</u> Lopez understands and acknowledges that Lopez has seven (7) days after signing the Agreement to revoke it by delivering to David S. Halsband, Esq., Halsband Law Offices, Court Plaza South, 21 Main Street, East Wing, 3d Floor, Hackensack, New Jersey 07601, written notification of such revocation within the seven (7) day period. If Lopez does not revoke the Agreement during the seven (7) day period, the Agreement will become effective and irrevocable on the eighth day after Lopez signs it (the "Effective Date"). If Lopez elects to revoke the Agreement within the aforementioned seven (7) day period, this Agreement and the promises contained in it will automatically be deemed null and void.

25. <u>Counterparts.</u> This Agreement may be executed in several counterparts. Each counterpart shall serve as an original as against any party who signed it, and all of which

taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

      26.    <u>Good Faith Compliance</u>. The Parties agree to cooperate in good faith and to do all things necessary to effectuate this Agreement.

      27.    <u>Translation into Spanish</u>. Lopez acknowledges that Lopez has read this Agreement in English and further acknowledges that this Agreement has been explained to him in Spanish and that he understands all of the terms of this Agreement.

      **WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**IN WITNESS WHEREOF,** and intending to be legally bound hereby, I have hereunto set my hand.

**WITH MY SIGNATURE HEREUNDER, I ACKNOWLEDGE THE FOLLOWING TO BE TRUE:**

- **I HAVE CAREFULLY READ THIS AGREEMENT**

- **I UNDERSTAND ALL OF ITS TERMS INCLUDING THE FULL AND FINAL RELEASE OF CLAIMS SET FORTH ABOVE**

- **I HAVE VOLUNTARILY ENTERED INTO THIS AGREEMENT**

- **I HAVE NOT RELIED UPON ANY REPRESENTATION OR STATEMENT, WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT**

- **I HAVE BEEN GIVEN THE OPPORTUNITY TO HAVE THIS AGREEMENT REVIEWED BY MY LAWYER**

- **I HAVE BEEN ENCOURAGED BY RELEASEES TO CONSULT WITH A LAWYER**

- **MY LAWYER HAS EXPLAINED THIS AGREEMENT TO ME AND HAS ANSWERED ALL OF MY QUESTIONS TO MY SATISFACTION**

- **I ACKNOWLEDGE THAT I HAVE BEEN AFFORDED 21 DAYS TO CONSIDER THIS AGREEMENT**

- I HAVE 7 DAYS AFTER SIGNING THIS AGREEMENT TO REVOKE IT BY DELIVERING TO DAVID S. HALSBAND, ESQ., HALSBAND LAW OFFICES, COURT PLAZA SOUTH, 21 MAIN STREET, EAST WING, 3D FLOOR, HACKENSACK, NEW JERSEY 07601, WRITTEN NOTIFICATION OF SUCH REVOCATION WITHIN THE SEVEN (7) DAY PERIOD. IF I DO NOT REVOKE THE AGREEMENT, THE AGREEMENT WILL BECOME EFFECTIVE AND IRREVOCABLE ON THE EIGHTH DAY AFTER I SIGN IT (THE "EFFECTIVE DATE"). IF I ELECT TO REVOKE THE AGREEMENT WITHIN THE AFOREMENTIONED SEVEN (7) DAY PERIOD, THIS AGREEMENT AND THE PROMISES CONTAINED IN IT WILL AUTOMATICALLY BE DEEMED NULL AND VOID.

PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES THE FULL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS THAT MAY HAVE ARISEN AT ANY TIME PRIOR TO THE EXECUTION OF THIS AGREEMENT.

Dated: 7-12-16

_____
MANUEL MONTIEL LOPEZ

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NY         )

On this 12 day of July, 2016, before me, the undersigned, appeared MANUEL MONTIEL LOPEZ, personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20__

**Certification of Interpreter:** I, Humberto Alvarez, declare under penalty of perjury as follows: I am an adult resident of the State of New York. I reside at Queens County. I am an employee of Michael Faillace & Associates, P.C. I am fluent in reading, writing, and speaking in the Spanish language as it is my native language. I am also fluent in reading, writing, and speaking in the English language. I certify that I have read this Agreement in English and that I explained it to Lopez in Spanish on July 12, 2016.

Dated: 7/12/2016

Humberto Alvarez
Print Name:

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NY         )

On this 12 day of July, 2016, before me, the undersigned, appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and she executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20__

Dated: 7/15/2016             W Cormack
                                                   Worrawallun Cormack, on behalf of herself
                                                   and Ploy Dee, Inc.

STATE OF NEW YORK         )
                               ) ss.:
COUNTY OF New York     )

        On this **15** day of **July**, 2016, before me, the undersigned, appeared Worrawallun Cormack, personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and she executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

GLADYS VELEZ
NOTARY PUBLIC-STATE OF NEW YORK
NO. 01VE6171272
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES 07-23-2019

15

# EXHIBIT A

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK
------------------------------------------------------------X
MANUEL MONTIEL LOPEZ,

                                            Plaintiff,

-against-　　　　　　　　　　　　　　　　　　　　　　AFFIDAVIT OF
                                                                    CONFESSION
                                                                    OF JUDGMENT

PLOY DEE, INC. and
WORRAWALLUN CORMACK,

                                            Defendants.
------------------------------------------------------------X

STATE OF NEW YORK  )
                                ) ss.
COUNTY OF NEW YORK )

       WORRAWALLUN CORMACK, being duly sworn, deposes and says:

       1.    I, WORRAWALLUN CORMACK, am the Chairman or Chief Executive Officer of PLOY DEE, INC. with the principal place of business located at 535 West 162nd Street, Apt. 32, New York, New York 10032.

       2.    I reside in New York County at 535 West 162nd Street, Apt. 32, New York, New York 10032.

       3.    I have authority to sign on behalf of PLOY DEE, INC. and I am duly authorized to make this affidavit on the undersigned entity's behalf.

       4.    Provided there shall have been an event of default in the payment of the sums due under the settlement agreement and general release dated _____, 2016 (the "Settlement Agreement") signed by Plaintiffs and Defendants, to which this affidavit is annexed, and such default has continued uncured and unpaid for a period in excess of ten (10) days after notice and an opportunity to cure as provided therein, then, upon submission of Plaintiff's counsel's

attorney affirmation attesting to such default under oath, on behalf of PLOY DEE, INC., I hereby confess judgment and authorize entry of judgment against PLOY DEE, INC. and against myself personally in favor of Plaintiff for the sum of $50,000.

5. This Affidavit of Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement, to which this Affidavit is annexed, and Defendants' default in payment under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment against each of PLOY DEE, INC. and myself, WORRAWALLUN CORMACK, personally, jointly and severally, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

_____W Cormack_____
WORRAWALLUN CORMACK Individually and as Owner of PLOY DEE, INC.

Sworn to before me this

__15__ day of __July__ of 2016

_____
Notary Public

GLADYS VELEZ
NOTARY PUBLIC-STATE OF NEW YORK
NO. 01VE6171272
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES 07-23-2019

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL MONTIEL LOPEZ,

                        Plaintiff,

-against-

PLOY DEE, INC. (d/b/a WONDEE SIAM V) and
WORRAWALLUN CORMACK,

                        Defendants.
------------------------------------------------------------X

**ORDER AND STIPULATION OF DISMISSAL WITH PREJUDICE AND WITHOUT ATTORNEYS' FEES OR COSTS**

1:15-CV-00647-AJN

       IT IS HEREBY STIPULATED by and between Plaintiff, Manuel Montiel Lopez, and Defendants, Ploy Dee, Inc. and Worrawallun Cormack, by and through their undersigned counsel, that the above-captioned action is hereby dismissed with prejudice and without an award of attorneys' fees or costs. Facsimile or scanned copies of this Order and Stipulation shall be deemed an original for all purposes.

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
Jesse S. Barton, Esq.
60 East 42nd Street, Suite 2540
New York, New York 10165
T. 212.317.1200
Attorneys for Plaintiff
Dated: _____, 2016

HALSBAND LAW OFFICES

By: _____
David S. Halsband, Esq.
Court Plaza South
21 Main Street, East Wing, 3d Fl.
Hackensack, New Jersey 07601
T. 201.487.6249
Attorneys for Defendants
Dated: July 19, 2016

**THE TERMS OF THE SETTLEMENT ARE APPROVED.**

SO ORDERED

_____
U.S.D.J.